IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN M. HILTON,

       Plaintiff,

v.                                                                         CIV 15-0116 MV/KBM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, with Memorandum in Support (*Doc. 29*), filed on September 19, 2016. Pursuant to 28 U.S.C. § 636(b), this matter has been referred to me for a recommended disposition. *Doc. 13.* Having carefully reviewed the parties' submissions, the Court finds that the Acting Commissioner's position in this case was not substantially justified and will recommend that Plaintiff's Motion be granted in the requested amount.

Plaintiff initiated this case seeking remand of the Commissioner's denial of her application for social security benefits arguing, among other things, that the ALJ committed reversible error by "fail[ing] to state what weight she accorded to the opinions of Ms. Hilton's treating psychiatrist, Dr. Tengco, and examining psychiatrist, Dr. Fredman." *Doc. 18* at 1. This Court agreed, finding "that this matter should be remanded for reevaluation of the weight to be assigned to the opinions" of these individuals. *Doc. 25* at 10. Noting no objections, Judge Vazquez adopted this recommendation on August

18, 2016 and remanded this matter to the Commissioner for further proceedings. *Doc. 27.*

Plaintiff now seeks attorney fees under the Equal Access to Justice Act ("EAJA") as the "prevailing party." "Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States is not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Clearly, the first factor is met. *See Hackett*, 475 F.3d at 1168. The Court further finds that the remaining two factors are met as well.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir.1992), *cert. denied sub nom. Shalala v. Gutierrez*, 509 U.S. 933 (1993)). The Commissioner bears the burden to establish that her position was substantially justified. *Hackett*, 475 F.3d at 1172. "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's 'position can be justified even though it is not correct.'" *Id.* (quoting *Pierce*, 487 U.S. at 566 n.2). This Court's determination as to whether the Commissioner's decision was substantially justified is reviewed for abuse of discretion. *Id.* at 1172; *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

The Commissioner contends that the ALJ's decision was substantially justified "in light of the specific factual circumstances of this case[,]" *Doc. 30* at 2, because "[t]he ALJ had a reasonable basis for believing that her decision was consistent with the evidence of record as a whole." *Id.* at 3. The Commissioner further argues that her

2

efforts in defending the ALJ's errors were reasonable because "any error by the ALJ in weighing the opinions of Drs. Tengco and Fredman was harmless because the ALJ's decision was consistent with their opinions." *Id.* at 6 (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012)). The Court disagrees.

Clearly established law requires an ALJ to engage in a sequential two-step inquiry when evaluating the weight to be assigned to a claimant's treating physician. *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). Failure to conduct this inquiry is grounds for remand. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The ALJ failed to conduct this inquiry as to Plaintiff's treating psychiatrist, Dr. Tengco, who found that the effects of Plaintiff's substance use are inseparable from the effects of her co-occurring mental impairments. Contrary to the Commissioner's position, this Court found that this omission was not harmless, as "[h]ad the ALJ accorded all of Dr. Tengco's findings . . . controlling weight she would not have found that Plaintiff's DAA was material to her determination of disability." Doc. 25 at 7-8 (citing *Slazar v. Barnhart*, 468 F.3d 615, 623 (10th Cir. 2006), for the proposition that "where a medical or psychological examiner cannot project what limitations would remain if the claimant stopped using drugs or alcohol, the disability examiner should find that DAA is *not* a contributing factor material to the disability determination[.]").

As to Dr. Fredman, again, it is clearly established that "[i]t is the ALJ's duty to give consideration to all the medical opinions in the record," and she "must also discuss the weight [she] assigns to such opinions." *Keyes-Zachary*, 695 F.3d at 1161. This Court recognized that, under *Keyes-Zachary*, an ALJ's failure to weigh the opinion of a consultative examiner can be harmless where the opinion is consistent with other medical opinions and the ALJ's RFC. Doc. 25 at 9. However, this Court explicitly found

3

that the ALJ's formulation of Plaintiff's RFC was *not* consistent with Dr. Fredman's opinion. *Id.* Thus, the error was not harmless.

Undeterred, the Commissioner argues that, regardless of the ALJ's legal error, her position in defense of the ALJ's opinion before this Court was itself substantially justified, precluding an award of fees. *Doc. 30* at 7. However, the "position of the United States" as defined by EAJA, means not only the position taken in the civil action, but also, "the action or failure to act by the agency upon which the civil action is based." *Hackett*, 475 F.3d at 1172 (quoting 28 U.S.C. § 2412(d)(2)(D)). Thus, "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002). The exception to this general rule is "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (unpublished) (quoting *Groberg v. Astrue*, 505 F. App'x 763, 765–66 (10th Cir. 2012) (unpublished).

As set forth above, the Court found that the ALJ's failure to weigh the opinions of Drs. Tengco and Fredman was not harmless because their opinions could have a substantial impact on the ALJ's materiality and RFC determinations. Given the gravity of these errors, the Court cannot say that the Commissioner's position in defending them as harmless was substantially justified. *Compare Thomas v. Astrue*, 475 F. App'x 296, 298 (10th Cir. 2012) (unpublished) (affirming the denial of fees where the failure to weigh would likely have no effect on the ALJ's finding of no disability on remand); *Johns v. Astrue*, 455 F. App'x 846, 848 (10th Cir. 2011) (affirming the denial of fees where the application of harmless error in the underlying case was a "close call").

Wherefore,

**IT IS HEREBY RECOMMENDED** that the presiding judge find that the Acting Commissioner's position was not substantially justified and award attorney fees to Plaintiff under EAJA in the requested amount of $6,729.80 and costs in the requested amount of $400.00.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE